**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| RODNEY MURPHY, | : | |
| Plaintiff, | : | |
| vs. | : | CA 15-0206-CB-C |
| SECRETARY, UNITED STATES DEPARTMENT OF HUD, | : | |
| | : | |
| Defendant. | | |

**REPORT AND RECOMMENDATION**

Following a review of the plaintiff's *pro se* complaint, which names as the sole defendant the Secretary of the United States Department of Housing and Urban Development in his official capacity (Doc. 1), and the motion to proceed without prepayment of fees, which sets forth plaintiff's present and former addresses in Montgomery, Alabama (Doc. 2, at 1-2), the undersigned set this matter down for a telephone conference in order to obtain further information from Mr. Murphy regarding the nature of his claim (*see* Doc. 3). A consideration of the information supplied by Mr. Murphy convinces the undersigned that this Court need transfer this case to the United States District Court for the Middle District of Alabama, and, therefore, recommendation of such transfer is now made in accordance with 28 U.S.C. § 636(b)(1)(B).

During the telephone conference on April 30, 2015, Mr. Murphy advised the undersigned that he and his common law wife moved into an abandoned house at 220 Mizell Drive in Montgomery, Alabama 36616 and started revitalizing the property before being evicted from the house by HUD following HUD's institution of eviction

proceedings in the Circuit Court of Montgomery County, Alabama. Thereafter, Mr. Murphy, who resides at 3010 Renee Drive in Montgomery, Alabama, filed the present action in this Court on April 15, 2015 against the Secretary of Housing and Urban Development in his official capacity, claiming that he was deprived of his property without due process of law. (*See* Doc. 1, at 1-2.) All acts complained of in the complaint occurred in Montgomery, Alabama[1] (*see id.*), plaintiff resides in Montgomery, Alabama (*id.* at 2), and the defendant resides in Washington, D.C.; therefore, it is clear to the undersigned that venue of this case is proper in the United States District Court for the Middle District of Alabama, Northern Division. Mr. Murphy was informed during the telephone conference on April 30, 2015 that the undersigned would recommend that his case be transferred to the Middle District of Alabama and he identified no prejudice he would suffer by a transfer of his action to the Middle District of Alabama.[2]

## DISCUSSION

The general venue statute provides that "[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property

---

[1]     Montgomery, Alabama, of course, is in Montgomery County, which falls in the Northern Division of the Middle District of Alabama. 28 U.S.C. § 81(b)(1) ("The Middle District comprises three divisions. [] The Northern Division comprises the counties of Autauga, Barbour, Bullock, Butler, Chilton, Coosa, Covington, Crenshaw, Elmore, Lowndes, Montgomery, and Pike. **Court** for the Northern Division **shall be held at Montgomery**.").

[2]     It is apparent to the undersigned that a transfer of this action will behoove Mr. Murphy since he resides in Montgomery, Alabama and court for the Northern Division of the Middle District of Alabama will be held in Montgomery.

that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). This subsection of the general venue statute clearly applies to this case since Mr. Murphy has filed suit against the Secretary of Housing and Urban Development in his official capacity (Doc. 1, at 1). *See id.* However, it is just as clear that venue is improperly laid in this Court, the United States District Court for the Southern District of Alabama, inasmuch as the defendant does not reside in this district,

http://en.wikipedia.org/wiki/United_States_Secretary_of_Housing_and_Urban_Devl opment (last visited April 16, 2015) (defendant resides in Washington, D.C.), the events giving rise to plaintiff's claim occurred in Montgomery, Alabama (and the property that is arguably the subject of this action is situated in Montgomery, Alabama) rather than in this district, and the plaintiff (along with the property) resides in Montgomery, Alabama and not in this district. Accordingly, it is **RECOMMENDED** that this case be **TRANSFERRED** to the United States District Court for the Middle District of Alabama, a district "in which it could have been brought[,]" 28 U.S.C. § 1406(a); *see Kidwell v. Arison,* 2013 WL 3927822, *1 (S.D. Fla. Jul. 24, 2013) ("A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division 'in which it could have been brought.' . . . The Eleventh Circuit has recognized the court's ability to raise the issue of defective venue *sua sponte,* but limited the court's ability to dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. *Lipofsky [v. New York State Workers Compensation Board*], 861 F.2d [1257,] 1259 [(11th Cir. 1988)] (stating 'a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.') **The Lipofsky court did not place the same limitations on the court's ability to**

*transfer a case to the appropriate forum pursuant to 28 U.S.C. § 140[6](a).*" (emphasis supplied)), the plaintiff having identified no reason why such transfer would be prejudicial to him.

<u>CONCLUSION</u>

In light of the foregoing, it is **RECOMMENDED** that this action be **TRANSFERRED** to the United States District Court for the Middle District of Alabama, Northern Division, pursuant to 28 U.S.C. § 1406(a).

<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not

specific.

     **DONE** this the 1st day of May, 2015.

          s/WILLIAM E. CASSADY
          **UNITED STATES MAGISTRATE JUDGE**